## Abstract of the Decision.

LANDLORD AND TENANT, § 93*—*when tenant accepting unsigned written lease may not claim that tenancy is from month to month.* Where there is an arrangement between a landlord and a tenant in possession of the premises that the latter will rent the premises under a written lease for a year from a certain date at a specified rental and he remains in possession after the commencement of the term, paying the rent agreed upon in the new lease without objecting to its terms, such tenant cannot claim that the lease was from month to month, although the written lease was not signed by him.

## George Ryan, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 22,378.   (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1916. Reversed and remanded. Opinion filed May 29, 1917.

### Statement of the Case.

Action by George Ryan, plaintiff, against the Chicago City Railway Company, defendant, to recover for injuries sustained by a collision with defendant's street car while driving across its track at a street intersection. From judgment for plaintiff on a verdict for $3,000, defendant appeals.

BUSBY, WEBER & MILLER, B. F. RICHOLSON and ARTHUR J. DONOVAN, for appellant; JOHN R. GUILLIAMS, of counsel.

THURMAN, HUME & KENNEDY, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 115*—*when verdict for temporary injuries is excessive.* In an action for personal injuries, where the only injuries shown are a broken tooth, superficial cuts and bruises which healed in about two weeks, two of them requiring one stitch each, and an injury to the nose, the exact nature and duration of which was not shown, a verdict for $3,000 is excessive.

2. DAMAGES, § 206*—*when instruction is erroneous as not being based upon evidence.* In an action for personal injuries, the declaration in which alleged that by reason of the injuries plaintiff had been prevented from performing his usual work and business and in the future would be unfit and unable to perform it, and that he had paid and become liable to pay large sums for medical attention, nursing, care and medicine, it is error to instruct the jury that they may consider, in estimating plaintiff's damages, "the effect, if any, shown by the evidence of the injury upon the plaintiff's * * * ability to labor," and that "in the assessment the jury must take into consideration only such elements of damage as have been alleged in the declaration, and which have been established by a preponderance of the evidence," where there was no evidence as to his earning capacity or wages nor as to his medical and hospital expenses, but merely that he was confined to the hospital for a time, had medical attention, and tending to show that he was out of work at least six or eight weeks.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.